SCHEER LAW GROUP, LLP
REILLY D. WILKINSON #250086
JOSHUA L. SCHEER #242722
155 N. Redwood Drive, Suite 100
San Rafael, CA 94903
Telephone: (415) 491-8900
Facsimile: (415) 491-8910
rwilkinson@scheerlawgroup.com

Attorneys for Plaintiffs Van Thi Duong, and Green Lotus Group, LLC, a California limited liability company

UNITED STATES BANKRUPTCY COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re: | Bk. No.: 8:26-bk-10347-SC |
| Minh Tuong Nguyen, | |
| Debtor. | Adv. No.: |
| | Chapter 7 |
| Van Thi Duong, and Green Lotus Group, LLC, a California limited liability company, | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** |
| Plaintiff. | **[11 U.S.C. § 523(a)(2) and § 523(a)(6)]** |
| vs. | |
| Minh Tuong Nguyen, | |
| Defendant. | |

Plaintiffs, Van Thi Duong ("**Van Duong**") and Green Lotus Group, LLC ("**Green Lotus**"), their successors and/or assignees in interest complain and allege as follows:

**STATEMENT OF JURISDICTION AND VENUE**

1.      This adversary proceeding is brought pursuant to Rules 7001(1) and 7003 of the Federal Rules of Bankruptcy Procedure.

2.      The United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "**Court**") has jurisdiction over this adversary proceeding as a "core"

COMPLAINT FOR NON-DISCHARGE OF DEBT                                                    1

proceeding pursuant to 28 U.S.C. §157, §1334. To the extent that any claim for relief in this Complaint is determined to be non-core, Plaintiff consents to entry of final judgment and orders of the Bankruptcy Court.

3.      Venue is proper pursuant to 28 U.S.C. §1409 as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

4.      This adversary proceeding is brought in connection with the Chapter 7 bankruptcy case no. 8:26-bk-10347-SC that is currently pending in this Court.

## PARTIES

5.      Green Lotus is now and at all times herein mentioned was, a limited liability company duly organized under the laws of the State of California and authorized to do business in the State of California.

6.      Van Duong is an individual, who is over the age of 70, residing in the County of Orange and at all material times was, the Managing Member and Principal of Green Lotus.

7.      Plaintiff is informed and believes and, on this basis, alleges that MINH TUONG ("**Defendant**" and/or "**Minh**") is and at all times relevant was, an individual residing in the County of Orange.

8.      JEFFREY I. GOLDEN ("**Trustee**") has been appointed as the Chapter 7 Trustee in the instant bankruptcy. By virtue of his position as Chapter 7 Trustee, he may hold certain claims or rights with regard to the subject property in that capacity. To the extent that relief sought herein is granted, Jeffrey I. Golden should be bound by any such judgment.

## GENERAL ALLEGATIONS

9.       Defendant filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on February 4, 2026 as case number 8:26-bk-10347-SC ("**Minh Bankruptcy**"). The deadline to file bankruptcy complaints is May 4, 2026.

10.      At all material times, Van Duong was over 70 years of age, an "elder" under *Welfare & Institutions Code* § 15610.27, and a "senior citizen" under *Civil Code* § 3345.

11.      At all material times, Defendant knew or should have known his conduct was directed at an elder and a senior citizen. Defendant fraudulently caused Van Duong to suffer

financial losses, a substantial loss of property set aside for retirement, personal care and maintenance, and/or a loss of assets essential to her health or welfare. Van Duong was substantially more vulnerable than other members of the public to the conduct of Defendant because of age or impaired understanding, and she suffered substantial physical, emotional, or economic damage resulting from that conduct. Conduct complained of herein constitutes unfair or deceptive acts or practices or unfair methods of competition warranting the imposition of treble damages under Civil Code § 3345.

12.     At all relevant times, Van Duong, directly and/or through Green Lotus, loaned and advanced money for the benefit of Defendant, at Defendant's request and for Defendant's use, including direct payments to Defendant and payments to Defendant's mortgage lender, Bench Equity, to prevent or cure defaults on Defendant's real properties.

13.     Between approximately July 2022 through approximately December 2022, Defendant, along with his co-conspirators, solicited loans from Plaintiffs for property investments. In total, Defendant caused Plaintiffs to disburse approximately $1.8 million to him.

14.     At the time he solicited the loans from Plaintiffs, Defendant and his co-conspirators intentionally concealed his severe financial distress and the fact that several of his properties were actively facing foreclosure. Furthermore, Defendant intentionally failed to disclose that he had defaulted on existing loans totaling $1.8 million owed to Tiffany and Darren Nguyen (and their related entities), and he concealed the fact that Plaintiffs' loan proceeds were going to be used to bail him out by paying off those defaulted loans.

15.     When Defendant solicited, accepted, and retained those funds, Defendant expressly promised that he was a borrower who would repay Plaintiffs, that Plaintiffs' money would stabilize or protect Defendant's real properties and thereby preserve Plaintiffs' ability to be repaid, and that Defendant could and would provide meaningful security for the debt if necessary.

16.     Those representations were false and misleading when made. At the time Plaintiffs' money was being advanced, Defendant was already in severe financial distress and default. Defendant did not disclose these material facts to Plaintiffs before or while obtaining

Plaintiffs' money, including that:

(a) Defendant's properties were already in default or on the verge of foreclosure;

(b) the debts to Bench Equity were cross-collateralized and expensive to cure;

(c) default interest and fees were rapidly increasing;

(d) Plaintiff's payments would not restore Defendant to solvency, but instead would be consumed by existing arrearages and lender charges; and

(e) Defendant lacked sufficient unencumbered equity and/or liquidity to repay Plaintiff as promised.

17.    When Plaintiff's family learned of the transactions, Defendant avoided being reported to the authorities for scamming an elderly woman by further falsely promising to provide "additional collateral" to secure Plaintiff's loans. On information and belief, Defendant failed to disclose that the offered "additional collateral" was already heavily encumbered.

18.    By March 2023, after Plaintiffs had already advanced approximately $1.699 million for Defendant's benefit, Defendant signed a written agreement acknowledging that Defendant owed Plaintiffs $1.699 million plus accrued interest and late fees, and further agreed that any unpaid balance could be secured by liens on Defendant's other assets and related business interests.  On information and belief, Defendant's promise to provide meaningful additional collateral was itself deceptive because Defendant failed to disclose that his assets were already materially encumbered and collateral being offered was not equivalent to the value or collectability Plaintiffs had been led to expect.

19.    Defendant knew these representations regarding his wealth, creditworthiness, and assets were entirely false, misleading, or recklessly made without regard for the truth at the time he made them. He knew he had no intention or ability to repay Plaintiffs' loans, as he was already severely defaulting on his existing mortgages for real properties. Defendant also knew the omitted facts were material because a lender would not have advanced nearly $1.7 million, or would have demanded different terms and stronger security, had those facts been disclosed.

20.    Defendant intended that Plaintiffs rely on Defendant's representations and omissions so that Plaintiffs would continue funding Defendant directly and continue paying

COMPLAINT FOR NON-DISCHARGE OF DEBT                    4

Defendant's lenders, including Bench Equity, to protect Defendant's properties and postpone foreclosure.

21.    Plaintiffs did in fact justifiably rely on Defendant's representations, concealments, and promises. Had Plaintiffs known the true facts—including the ongoing defaults, escalating default-rate exposure, foreclosure status, cross-collateralized debt, and insufficient equity, Plaintiffs would not have advanced the funds, would not have continued curing Defendant's arrearages, and/or would have insisted on materially different and better-secured terms. As a direct and proximate result of Defendant's fraud, intentional misrepresentation, concealment, and deceit, Plaintiffs have suffered damages in an amount to be proven at trial, including but not limited to the loss of approximately $1,699,670.94, interest, fees, costs of collection, loss of use of funds, and consequential damages.

22.    Defendant's conduct was willful, fraudulent, and malicious, and was carried out with conscious disregard of Plaintiffs' rights and interests, thereby entitling Plaintiff to punitive damages according to proof.

### FIRST CAUSE OF ACTION

(Non-Discharge of Debt – Fraud and False Pretenses, 11 U.S.C. 523(a)(2)(A))

23.    Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 22 the same as if set forth fully herein.

24.    Defendant knew that the representations of his ongoing defaults, escalating default rate exposure, foreclosure status, cross-collateralized debt and insufficient equity when he made them and/or he made the representations recklessly and without regard for their truth. Plaintiffs relied on these intentional misrepresentation by Defendant.

25.    Plaintiff is informed and believes that Defendant was at all times aware that the Plaintiffs would not have made these loans and advances if they had known the truth about Defendants' financial condition.

26.    Plaintiffs at all times herein did reasonably rely on the representations of the Defendant of his financial condition and the state of his assets and debts related thereto.

27.    The representations made by Defendant were material.

COMPLAINT FOR NON-DISCHARGE OF DEBT                                    5

28. The representations made by Defendant were false. Defendant's actions were intentional and designed to defraud Plaintiffs and obtain money under false pretenses, and pursuant to false representations and/or actual fraud.

29. When Defendant made the representations he knew them to be false and made these representations with the intent to deceive and defraud Plaintiffs and to induce Plaintiffs to enter into agreements and provide loans and advances to Defendant.

30. Plaintiffs were unaware that Defendant intended to enter into these agreements under these circumstances and relied on the representations of Defendant of his financial condition and that of the proposed assets.

31. As a proximate result of the fraudulent conduct of Defendant, Plaintiffs have not been repaid $1,699,670.94, plus interest and attorneys fees. In addition, due to this fraud, Plaintiffs are entitled to punitive damages.

WHEREFORE, Plaintiff prays Judgment as hereinafter set forth.

**SECOND CAUSE OF ACTION**

((Non-Discharge of Debt – Fraud and False Pretenses, 11 U.S.C. 523(a)(2)(A); Elder Financial Abuse)

32. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 31 the same as if set forth fully herein.

33. An elder is any individual 65 years of age or older. Welfare and Institutions Code § 15610.27. At all times mentioned herein, Van Duong was an "elder" within the meaning of Welfare and Institutions Code § 15610.27.

34. Defendant took, appropriated, obtained, and/or retained Van Duong's funds with a fraudulent intent, for a wrongful use, and/or by undue influence. Defendant did this when he conspired to intentionally deceive and manipulate Van Duong into lending funds to Defendant in order to close their real estate deals for their own financial profit, while all the time having no intent or worry for Van Duong to recover her funds/investment.

35. As a result of Defendant's conduct, Van Duong has suffered the loss of millions of dollars, emotional distress including sleeplessness, loss of appetite, depression, and anxiety,

according to proof at trial; and attorneys' fees.

36.    Plaintiff is entitled to treble damages under Ca. Civil Code § 3345. Plaintiff also has a unilateral right to recover his attorneys' fees under Welfare and Institutions Code § 15657.5(a).

37.    Under Welfare and Institutions Code § 15657.5(a), Plaintiff is also entitled to recover all other remedies allowed by law and thus seeks restitution, disgorgement of sums wrongfully obtained, costs of suit and such other and further relief as the court may deem just and proper, including damages for emotional distress.

**THIRD CAUSE OF ACTION**

((Non-Discharge of Debt – Willful and Malicious Injury, 11 U.S.C. 523(a)(6))

38.    Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 37 the same as if set forth fully herein.

39.    Defendant fraudulently induced Plaintiffs to loan him funds based on his material representations, concealments, and promises regarding his financial condition and his assets. Had Plaintiffs known the true facts—including the ongoing defaults, escalating default-rate exposure, foreclosure status, cross-collateralized debt, and insufficient equity, Plaintiffs would not have advanced the funds, would not have continued curing Defendant's arrearages, and/or would have insisted on materially different and better-secured terms.  These wrongful acts and omissions caused Plaintiffs to lend $1,699,670.94, plus interest and attorney's fees which has not be repaid.

40.    The Defendant's actions were willful in that the Defendant acted with the actual intent to cause injury to the Plaintiffs or with the subjective knowledge that such injury was substantially certain to result from the Defendant's conduct.

41.    The Defendant's actions were malicious in that they were wrongful, intentional, and necessarily caused injury to the Plaintiffs without just cause or excuse.

42.    As a result of the Debtor's willful and malicious conduct, the Plaintiffs are owed a debt in the amount of $1,699,670.94, plus interest, fees, and costs which is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

COMPLAINT FOR NON-DISCHARGE OF DEBT                                7

WHEREFORE, Plaintiff prays for judgment as follows:

## FIRST CAUSE OF ACTION

### (Non-Discharge of Debt)

1. For a determination that the debt owed to Plaintiff by Defendant is deemed non-dischargeable pursuant to 11 U.S.C. §523(a)(2).

2. That Judgment be entered in favor of Plaintiff as follows:

Against Defendant for $1,699,670.94, plus interest until the date of judgment.

3. That interest at the legal rate be awarded on the above amount from the date of entry of the judgment in these proceedings.

4. That Plaintiff be awarded attorneys' fees and costs.

5. For such other relief as is just.

## SECOND CAUSE OF ACTION

### (Non-Discharge of Debt; Elder Financial Abuse)

1. For a determination that the debt owed to Plaintiff by Defendant is deemed non-dischargeable pursuant to 11 U.S.C. §523(a)(2) due to Elder Financial Abuse.

2. That Judgment be entered in favor of Plaintiff to be proven at trial.

3. That interest at the legal rate be awarded on the above amount from the date of entry of the judgment in these proceedings.

4. For treble damages.

5. That Plaintiff be awarded attorneys' fees and costs.

6. For such other relief as is just.

## THIRD CAUSE OF ACTION

### (Willful and Malicious Injury)

1. For a determination that the debt owed to Plaintiff by Defendant is deemed non-dischargeable pursuant to 11 U.S.C. §523(a)(6) in an amount to be proven at trial.

2. That interest at the legal rate be awarded on the above amount from the date of entry of the judgment in these proceedings.

3. That Plaintiff be awarded attorneys' fees and costs.

4.      For such other relief as is just.


                                        SCHEER LAW GROUP, LLP


Dated:  May 4, 2026                     /s/ Reilly D. Wilkinson
                                        #250086

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Van Thi Duong, Green Lotus Group, LLC | DEFENDANTS<br>Minh Tuong Nguyen |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Scheer Law Group, LLP<br>155 N. Redwood Dr. Suite 100<br>San Rafael, CA 94903<br>(415) 491-8900 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>□ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>■ Creditor   □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>■ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiffs file a Complaint to Determine Dischargeability of Debt pursuant to 11 U.S.C. § 523(a)(2), § 523(a)(6)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
■ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
■ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 1,699,670.94 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Minh Tuong Nguyen | BANKRUPTCY CASE NO.<br>8:26-bk-10347-SC | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Scott C. Clarkson |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**   Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.