FILED & ENTERED

JUL 21 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Minh Tuong Nguyen,<br><br>Debtor(s). | CHAPTER 7<br><br>Case No.:  8:26-bk-10347-SC<br>Adv. No.:  8:26-ap-01058-SC<br><br>**ORDER (1) GRANTING MOTION TO DISMISS ADVERSARY COMPLAINT [DK. 5], AND (2) CONTINUING STATUS CONFERENCE** |
| Van Thi Duong, *et al.*,<br><br>Plaintiff(s),<br>   v.<br><br>Minh Tuong Nguyen,<br><br>Defendant(s). | Vacated Hearings:<br>Date:        July 28, 2026<br>Time:        1:30 PM<br>Courtroom: 5C<br><br>Continued Status Conference:<br>Date:        October 14, 2026<br>Time:        1:30 PM<br>Courtroom: 5C |

The Court has considered Defendant Minh Tuong Nguyen's ("Defendant") *Motion to Dismiss Adversary Complaint [Fed. R. Bankr. P. 7012; Fed. R. Civ. P. 12(b)(6), 9(b)]; Alternatively For a More Definite Statement [Fed. R. Civ. P. Rule 12(e)]* filed June 4, 2026 [Dk. 5] ("Motion"); the Complaint filed May 4, 2026 [Dk. 1]; the Amended Complaint filed July 14, 2026 [Dk. 7]; and all related pleadings in this case.

-1-

The Court finds that this matter is appropriate for disposition without oral argument and that a hearing would not materially assist the Court. Accordingly, and for the reasons set forth below, the Court GRANTS the Motion as directed to the original Complaint and dismisses the original Complaint with leave to amend. The Amended Complaint [Dk. 7] was filed outside the period permitted by Federal Rule of Civil Procedure 15(a)(1)(B), without Defendant's written consent and without prior leave of Court. It therefore did not supersede the original Complaint and is not the operative pleading. The July 28, 2026, hearing on the Motion is VACATED. The July 28, 2026, status conference is CONTINUED to October 14, 2026, at 1:30 p.m.

**I.    General Background**

Plaintiffs Van Thi Duong and Green Lotus Group, LLC (collectively, "Plaintiffs") commenced this adversary proceeding on May 4, 2026, by filing the Complaint against Defendant. The Complaint asserts claims seeking a determination that Plaintiffs' alleged debt is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6). The claims arise generally from allegations that Defendant induced Plaintiffs to advance approximately $1,699,670.94 through false representations and omissions concerning Defendant's financial condition, the condition of his real properties, the intended use of Plaintiffs' funds, and Defendant's ability and intent to repay the advances. The Complaint also includes allegations of elder abuse toward Plaintiff Duong arising from such conduct.

On June 4, 2026, Defendant filed the Motion seeking dismissal of the Complaint [Dk. 1] pursuant to Rule 12(b)(6). Defendant further argues that Plaintiffs' fraud-based claims fail to satisfy Rule 9(b) and alternatively requests a more definite statement under Rule 12(e).

On July 14, 2026, while the Motion remained pending, Plaintiffs filed the Amended Complaint [Dk. 7]. The Amended Complaint adds factual allegations concerning, among other things, the circumstances surrounding the solicitation of the funds, the individuals allegedly involved, the specific transfers made by Plaintiffs, and

the representations allegedly made concerning repayment and collateral.

No formal opposition to the Motion was filed. Instead, Plaintiffs filed the Amended Complaint. The Amended Complaint expressly acknowledges the Motion and adds allegations directed to the pleading deficiencies raised by Defendant. Although the Amended Complaint was not procedurally authorized, its filing demonstrates that Plaintiffs were attempting to respond to the Motion and did not intend to abandon their claims. The Court therefore declines to treat the absence of a separately filed opposition as consent to granting the Motion and instead considers the Motion on its merits.

## II.    Legal Standards

Federal Rule of Bankruptcy Procedure 7012(b) incorporates Federal Rule of Civil Procedure 12(b) and applies it to adversary proceedings. A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 633 (1999). To survive dismissal, a complaint must allege enough facts to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The Court accepts well-pleaded factual allegations as true and draws reasonable inferences in favor of the nonmoving party but need not accept conclusory allegations.

Federal Rule of Bankruptcy Procedure 7009 makes Federal Rule of Civil Procedure 9(b) applicable in adversary proceedings. When fraud is alleged, the complaint must state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). A complaint alleging fraud must identify the "who, what, when, where, and how" of the alleged misconduct, as well as what is false or misleading about the purportedly fraudulent statement and why it is false. *Aarons v. Patch of Land Lending, LLC (In re Aarons)*, 643 B.R. 595, 605 (Bankr. C.D. Cal. 2022) (citing *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018)).

Federal Rule of Bankruptcy Procedure 7015 makes Federal Rule of Civil Procedure 15 applicable in adversary proceedings. Rule 15(a)(1)(B) permits a party to amend its pleading once as a matter of course within 21 days after service of a motion

under Rule 12(b), (e), or (f). After the time to amend as a matter of course has expired, a party may amend only with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). The Court should freely give leave when justice so requires, and this policy "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave to amend generally should be denied only upon a showing of bad faith, undue delay, futility, or undue prejudice to the opposing party. *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011). When a complaint fails to state a plausible claim for relief, leave to amend ordinarily should be granted even if no request to amend was made, unless the court determines that the pleading could not possibly be cured by the allegation of additional facts. *Perez v. Mortgage Electronic Registration Systems, Inc.*, 959 F.3d 334, 340 (9th Cir. 2020) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)).

### III.    Discussion

As a threshold matter, the Amended Complaint did not supersede the original Complaint. Rule 15(a)(1)(B) permitted Plaintiffs to amend once as a matter of course within 21 days after service of Defendant's Rule 12 motion. Plaintiffs filed the Amended Complaint outside that period and did not obtain Defendant's written consent or prior leave of Court. The Amended Complaint therefore is not operative, and the Motion remains directed to the original Complaint. The Court first addresses the Motion on its merits and then addresses leave to amend.

### a.  Plaintiffs' Claims Under § 523(a)(2)(A)

Plaintiffs assert two distinct bases for nondischargeability under § 523(a)(2)(A). To state a claim under § 523(a)(2)(A) based on a false representation, false pretenses, or deceptive conduct, a plaintiff must sufficiently allege: (1) a misrepresentation, fraudulent omission, or deceptive conduct by the debtor; (2) the debtor's knowledge of the falsity or deceptiveness of the statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor; and (5) resulting damage proximately caused by that

reliance. *Oney v. Weinberg (In re Weinberg)*, 410 B.R. 19, 35 (B.A.P. 9th Cir. 2009) (quoting *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000)).

The first theory concerns Defendant's alleged representations and omissions made to induce Plaintiffs to advance funds. The Complaint alleges generally that Defendant solicited funds from Plaintiffs while making false representations or concealing material information concerning the transactions. Although these allegations identify the general nature of the alleged fraudulent conduct, the Complaint does not plead with sufficient particularity the specific representations or omissions upon which Plaintiffs rely, including when and under what circumstances the representations were made, which Plaintiff received and relied upon each representation, and how each representation or omission induced the particular advances at issue. Nor does the Complaint sufficiently connect the alleged representations to Plaintiffs' justifiable reliance and resulting damages. Accordingly, the allegations do not satisfy the particularity required by Rule 9(b).

The second § 523(a)(2)(A) theory arises from allegations that Defendant engaged in fraudulent conduct amounting to financial elder abuse against Duong in connection with obtaining and retaining Duong's funds. However, allegations that conduct constitutes elder abuse do not, standing alone, establish that the resulting debt was obtained by false pretenses, a false representation, or actual fraud within the meaning of § 523(a)(2)(A). Rather, the Complaint must plead facts connecting the alleged elder abuse to one of the forms of fraudulent conduct encompassed by § 523(a)(2)(A) and, where the theory depends upon misrepresentations or omissions, must plead the circumstances of that fraud with the particularity required by Rule 9(b). The Complaint does not plead such facts.

Accordingly, the Court finds that the Complaint fails to state its § 523(a)(2)(A) claims with sufficient particularity and GRANTS the Motion as to those claims, with leave to amend.

### b. Plaintiffs' Claim Under § 523(a)(6)

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." The willfulness and maliciousness requirements are distinct. Willfulness requires a deliberate or intentional injury, rather than merely a deliberate act that results in injury and requires that the debtor have had a subjective intent to injure or a subjective belief that injury was substantially certain to occur. *See Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 706 (9th Cir. 2008); *Plyam v. Precision Dev., LLC (In re Plyam)*, 530 B.R. 456, 463 (B.A.P. 9th Cir. 2015). Malice requires a wrongful act, done intentionally, which necessarily causes injury and is done without just cause or excuse. *In re Plyam*, 530 B.R. at 463.

Here, the Complaint alleges generally that Defendant intentionally engaged in fraudulent conduct that caused Plaintiffs to suffer financial injury. Plaintiffs make several conclusory allegations that Defendant had "actual intent," "knew he had no intention," and that he "intended" to induce reliance. Likewise, Plaintiffs allege that Defendant's conduct was "willful, fraudulent, and malicious, and was carried out with conscious disregard." [Dk. 1, ¶ 22]. These allegations, however, do not sufficiently allege that Defendant acted with the subjective intent to cause the injury for which Plaintiffs seek a determination of nondischargeability, or with a subjective belief that such injury was substantially certain to occur. Allegations that Defendant intentionally obtained Plaintiffs' funds through fraudulent conduct do not, without additional factual allegations, necessarily establish that Defendant intended the resulting injury itself.

The Complaint also does not sufficiently distinguish the conduct allegedly constituting a willful injury from the conduct alleged to establish malice. Because willfulness and maliciousness are separate requirements under § 523(a)(6), conclusory allegations that Defendant acted "willfully" and "maliciously" are insufficient without facts plausibly supporting each element.

Accordingly, the Court GRANTS the Motion as to Plaintiffs' § 523(a)(6) claim,

with leave to amend.

### c. Leave to Amend and the Amended Complaint [Dk. 7]

Rule 15(a)(1)(B) permits amendment as a matter of course within 21 days after service of a motion under Rule 12(b), (e), or (f). Here, Defendant filed the Motion on June 4, 2026, and Plaintiffs did not file the Amended Complaint until July 14, 2026. Thus, the Amended Complaint was filed outside the 21-day period provided by Rule 15(a)(1)(B). The docket does not reflect that Plaintiffs obtained Defendant's written consent or leave of Court before filing the Amended Complaint.

Accordingly, the Amended Complaint was not authorized when filed, did not supersede the original Complaint, and is not the operative pleading. Its filing therefore did not render the Motion directed to the original Complaint moot.

Nevertheless, the Court concludes that dismissal of the original Complaint with leave to amend is warranted. The deficiencies identified above concern the factual sufficiency and particularity of Plaintiffs' allegations, and the Court cannot determine at this stage that those deficiencies could not possibly be cured through the allegation of additional facts. The filing of the Amended Complaint also demonstrates that Plaintiffs are actively attempting to prosecute their claims and respond to the deficiencies raised in the Motion.

The Court therefore dismisses the original Complaint with leave to amend under Rule 15(a)(2). Plaintiffs may file an amended complaint within twenty-one (21) days after entry of this Order. Any amended complaint must be filed after entry of this Order. The Amended Complaint presently appearing at Dk. 7 is not deemed filed pursuant to the leave granted herein.

Because the Amended Complaint [Dk. 7] is not the operative pleading, the Court does not determine whether it cures the deficiencies identified in this Order or otherwise satisfies Rules 8, 9(b), and 12(b)(6). Defendant may assert any appropriate defenses or file any appropriate motion directed to an amended complaint timely filed pursuant to this Order.

**IV.    Conclusion**

Accordingly, the Court finds good cause to order as follows:

1.  Defendant's Motion to Dismiss Adversary Complaint [Dk. 5] is GRANTED.

2.  Plaintiffs' claims under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6), as asserted in the original Complaint [Dk. 1], are DISMISSED with leave to amend. Plaintiffs may file an amended complaint within twenty-one (21) days of the entry of this Order.

3.  The docket does not reflect that the Amended Complaint [Dk. 7] was filed with Defendant's written consent or prior leave of Court; therefore, it did not supersede the original Complaint, and is not the operative pleading. Dk. 7 is not deemed filed pursuant to the leave granted by this Order. The Court makes no determination regarding the sufficiency of the allegations contained in Dk. 7.

4.  Defendant's alternative request for a more definite statement is DENIED as moot in light of the dismissal of the original Complaint.

5.  The hearing on the Motion set for July 28, 2026, at 1:30 p.m. is VACATED.

6.  The July 28, 2026, status conference is CONTINUED to October 14, 2026, at 1:30 p.m., with a status report due fourteen (14) days in advance.

**IT IS SO ORDERED.**

Date: July 21, 2026

Scott C. Clarkson
United States Bankruptcy Judge